**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CALVIN DOUGLAS MASSEY,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:05-CV-712-A |
| § | | |
| **DOUGLAS DRETKE, DIRECTOR,** § | | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | | |
| **DIVISION,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Calvin Douglas Massey, TDCJ-ID #495235, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

Massey is currently serving a 35-year sentence for a 1988 conviction for unauthorized use of a motor vehicle in Case No. 0309970D out of the 297th District Court of Tarrant County, Texas. (Petition at 2.)  On October 9, 2003, Massey was granted parole. (Resp't Answer, Exhibit A at 20-21.)  On August 15, 2004, Massey was arrested in Tarrant County for unlawful possession of a firearm. (*Id.* at 24-25.)  Thereafter, on September 28, 2004, a pre-revocation (blue) warrant was issued for Massey's arrest due to violations of his conditions of parole. (*Id.* at 18-19; State Habeas R. at 28.)  Massey remained incarcerated in the Tarrant County jail pending outcome of the new charges. (State Habeas R. at 28.)  On June 22, 2005, in accordance with a plea agreement, Massey pled guilty to the new charges in Case No. 0944337D and was sentenced to eleven years' confinement. (Resp't Answer, Exhibit A at 22.)  On July 12, 2005, a parole revocation hearing was conducted, resulting in the revocation of Massey's parole on July 19, 2005. (*Id.* at 9-16.)  Massey filed a state application for writ of habeas corpus raising the issues presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Massey*, Application No. 21,240-07, at cover.  Massey filed this federal petition on November 9, 2005. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

D.  ISSUES

In four grounds, Massey claims (1) he was denied due process because the BOP applied the parole laws in effect at the time his parole was revoked instead of the law in effect at the time of his 1988 conviction; (2) he was denied due process because the BOP did not conduct a revocation hearing within 121 days; (3) his rights were violated by the BOP and the Tarrant County

2

Correctional Administration (TCCA) by arraigning him on the blue warrant without a blue warrant or affidavit in support in his file; and (4) he was denied due process because the state habeas trial court did not designate all issues requiring resolution within 35 days of the date he filed his state habeas application as required by article 11.07, § 3(c) and (d). (Petition at 7-8; Pet'r Memorandum in Support at 1-3.)

### E. RULE 5 STATEMENT

Dretke does not claim that Massey's claims are unexhausted. (Resp't Answer at 4.)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

3

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Application

Massey claims he was denied due process because the BOP applied the guidelines and parole laws in effect at the time his parole was revoked, instead of those in effect at the time of his 1988 conviction and sentence. The United States Court of Appeals for the Fifth Circuit, however, noting Texas prisoners have no constitutional expectancy of parole, has indicated that to the extent a petitioner argues he is entitled to the benefit of parole laws that were in effect at the time of the petitioner's state conviction, a petitioner does not state a violation of a constitutional right. *See Cruz v. Tx. Parole Div.*, 87 F. Appx. 346, 347 (5th Cir. 2004) (not designated for publication in the Federal Reporter).

Massey claims he was denied due process because he was denied a timely revocation hearing as required by the parole statutes in effect at the time of his conviction. Massey cites the court to former article 42.18, § 14(a) of the Texas Code of Criminal Procedure, which entitled a releasee to a revocation hearing within 120 days after his arrest under a pre-revocation warrant.[1] Pursuant to

---

[1] Act of May 25, 1995, 74th Leg., R.S., ch. 321, § 2.010, art. 42.18, 1995 Tex. Gen. Laws 2774, 2809; *amended by* Act of May 16, 1997, 75th Leg., R.S., chs. 429, § 2, art. 42.18, 1997 Tex.
(continued...)

4

the statutory provision, if a hearing was not timely held, the BOP was required to withdraw the warrant. The statute, however, did not become effective September 1, 1995, well after Massey's 1988 conviction. Further, § 14(c) of the statute provided that the warrant need not be withdrawn if the person was subject to pending criminal charges that had not been adjudicated.[2] Nevertheless, the state courts determined that the version of the statute in effect at the time of Massey's parole was revoked was applicable to Massey's case and that, under the relevant statutory provisions, the resolution of the new charges triggered the accrual of the deadlines for conducting a revocation hearing. (*Id.*) The state courts' interpretation of the relevant state law is entitled to deference. The statutory time period imposed by Texas law in a revocation proceeding is a procedural requirement, not a right guaranteed by the United States Constitution. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Morris v. Johnson*, No. 2:97-CV-469, 2001 WL 169587, at *3 (N.D. Tex. Jan. 17, 2001).

As a matter of federal due process, a parolee or releasee is entitled only to a revocation hearing within a reasonable time after he is taken into custody. *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A delay in providing a hearing does not constitute a violation of due process entitling the parolee or releasee to immediate release. *Villareal v. United States Parole Comm'n*, 985 F.2d 835, 837-38 (5 th Cir.1993). In order to obtain federal habeas relief, Massey must demonstrate that

---

[1](...continued)
Gen. Laws 1687, 1687-88 *and recodified by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, sec. 508.282, 1997 Tex. Gen. Laws 327, 435; *repealed by* Act of April 23, 1999, 76th leg., R.S., ch. 62, § 10.39(6), art. 42.18, 1999 Tex. Gen. Laws 127, 334 *and amended by* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 10.33, sec. 508.282, 1999 Tex. Gen. Laws 127, 332-33 (current version at TEX. GOV'T CODE ANN. § 508.282 (Vernon 2004)).

[2]*See supra* note 1.

any delay was both unreasonable and resulted in actual prejudice. *Id.* The court cannot conclude that the state statutory time limit it unreasonable where, as here, a releasee has allegedly committed a new offense while on release nor has Massey made a showing of actual prejudice.

The remainder of Massey's claims are not cognizable on federal habeas review. Massey claims his rights were violated by the BOP and the Tarrant County Correctional Administration (TCCA) by arraigning him on the blue warrant without a blue warrant or affidavit in support in his file. This is purely a question of state criminal procedure and is not cognizable on federal habeas review. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982). Massey claims he was denied due process because the state habeas trial court did not designate all issues requiring resolution within 35 days of the date he filed his state habeas application. Alleged infirmities in state habeas proceedings are not cognizable on federal habeas review. *See Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

## II. RECOMMENDATION

Massey's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 5, 2006. The United States District Judge need only make a *de novo*

determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 5, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 15, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE